**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

United States of America, *ex rel.* Eric James Stenson,

Plaintiff-Relator,

v.

Radiology Ltd., LLC,

Defendant.

No. CV-19-00306-TUC-JGZ

**ORDER**

Pending before the Court is Defendant Radiology Ltd., LLC's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 71.) Defendant challenges the constitutionality of the qui tam provisions of the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, on the grounds that the provisions violate the Appointments Clause and Take Care Clause of Article II of the United States Constitution. (Doc. 71 at 2.) The Motion is fully briefed. (*See* Docs. 77, 82, 88.) For the reasons stated below, the Court will deny Defendant's Motion.

## I. Background

On June 7, 2019, Relator Eric James Stenson filed this action under seal pursuant to the qui tam provisions of the FCA. (Doc. 1); *see* 31 U.S.C. § 3730(b). The United States investigated Relator's allegations but declined to intervene. (Doc. 19.) On August 24, 2021, the Court unsealed the action. (Doc. 20.) Thereafter, Relator filed his First Amended Complaint and served Defendant. (Docs. 25, 29.) On September 29, 2022, the Court granted Defendant's first Motion to Dismiss and dismissed the action with prejudice as to

Relator. (Doc. 43.) On May 20, 2024, the Ninth Circuit Court of Appeals reversed the dismissal in part and remanded for further proceedings. (Doc. 50.) On June 28, 2024, Relator filed his Second Amended Complaint ("SAC"). (Doc. 53.) On January 14, 2025, the Court denied Defendant's second Motion to Dismiss. (Doc. 63.) Defendant answered the SAC, and the Court issued a Scheduling Order. (Docs. 64, 69, 70.) On March 14, 2025, Defendant filed the instant Motion for Judgment on the Pleadings. (Doc. 71.) In the Motion, Defendant argues the FCA's qui tam provisions[1] are unconstitutional under the Appointments Clause and Take Care Clause of Article II. (*See id.*) Pursuant to 28 U.S.C. § 2403(a), the United States intervened for the limited purpose of defending the constitutionality of the qui tam provisions. (Docs. 87, 88.) Relator and the United States assert that Defendant's position is foreclosed by binding Ninth Circuit precedent. (*See* Doc. 77 at 5; Doc. 88 at 2.)

## II. Legal Standard

### A. Judgment on the Pleadings

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Parker v. County of Riverside*, 78 F.4th 1109, 1112 (9th Cir. 2023) (quoting *Honey v. Distelrath*, 195 F.3d 531, 532 (9th Cir. 1999)).

## III. Discussion

Defendant argues the FCA's qui tam provisions "violate Article II of the U.S. Constitution by conferring Executive Branch powers to private individuals." (Doc. 71-1 at 10.) Specifically, Defendant argues the qui tam provisions: (1) violate the Appointments Clause because relators exercise significant authority pursuant to the laws of the United

[1] The qui tam provisions allow private individuals, or relators, to bring an FCA "action 'for the person and for the United States Government' against an alleged false claimant, 'in the name of the Government.'" *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 769–70 (2000) (quoting 31 U.S.C. § 3730(b)(1)). If the United States declines to intervene, the relator retains the exclusive right to conduct the action and receive a share of any proceeds from the action. *Id.* (citing 31 U.S.C. §§ 3730(b)–(d)).

States and occupy a continuing position established by law without having been appointed as Officers; and (2) violate the Take Care Clause because they allow relators to maintain primary control over litigation on the Government's behalf. (*Id.* at 11–17.) Defendants in qui tam cases have been raising these same arguments for decades, without success. *See United States ex rel. Butler v. Magellan Health Servs.*, 74 F. Supp. 2d 1201, 1212 (M.D. Fla. 1999) (noting that attacks on the constitutionality of the FCA's qui tam provisions have "been rejected resoundingly by the District and Circuit courts"). Here, Defendant bases its arguments on "developing Supreme Court precedent" and a single decision from the District Court for the Middle District of Florida, *United States ex rel. Zafirov v. Fla. Med. Assocs., LLC*, 751 F. Supp. 3d 1293 (M.D. Fla. 2024), which held the qui tam provisions violate the Appointments Clause.[2] (Doc. 71-1 at 7–10.)

The Court agrees with Relator and the United States that the Ninth Circuit's decision in *United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743 (9th Cir. 1993), compels denial of Defendant's motion. In *Kelly*, the court unequivocally held that the qui tam provisions of the FCA do not violate Article II. 9 F.3d at 749–59, 751 n.6. First, the court held "the FCA gives the Attorney General sufficient means of controlling or supervising relators to satisfy separation of powers concerns," i.e., "to 'ensure that the President is able to perform his constitutionally assigned dut[y]" to take care that the laws be faithfully executed. *Id.* at 751 & n.6, 755. Second, the court held that "a qui tam relator, who litigates only a single case, does not have 'primary responsibility' within the meaning of *Buckley* for enforcing the FCA. Nor does a relator exercise authority so 'significant' that the Constitution only permits an officer of the United States to exercise it." *Id.* at 759. Defendant's arguments, which raise precisely the same issues the Ninth Circuit resolved in *Kelly*, are therefore foreclosed by binding circuit precedent.[3] *See Hart v. Massanari*, 266 F.3d 1155, 1170 (9th

---

[2] The same court subsequently relied on its decision in *Zafirov* to dismiss a different FCA qui tam case. (*See* Docs. 89, 89-1.)

[3] Notably, every other circuit court to decide these issues has also concluded the FCA's qui tam provisions do not violate Article II. *See United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 804–07 (10th Cir. 2002); *Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 752–58 (5th Cir. 2001) (en banc); *United States ex rel. Taxpayers Against Fraud v. Gen. Elec. Co.*, 41 F.3d 1032, 1040–42 (6th Cir. 1994); *see also United States ex rel. Kreindler & Kreindler v. United Techs. Corp.*, 985 F.2d 1148, 1155 (2d Cir. 1993) ("[T]he

Cir. 2001) ("Binding authority must be followed unless and until overruled by a body competent to do so.").

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 71) is **denied**. The parties shall exchange initial disclosures within **30 days**. (*See* Doc. 86.)

Dated this 26th day of June, 2025.

Jennifer G. Zipps
Chief United States District Judge

---

FCA qui tam provisions do not usurp the executive branch's litigating function because the statute gives the executive branch substantial control over the litigation."). And at least one court has concluded, the *Zafirov* decision "is unpersuasive" and "an outlier." *Chattanooga Hamilton Cnty. Hosp. Auth.*, No. 21-CV-84, 2024 WL 4784372, at *3 (E.D. Tenn. Nov. 7, 2024).